2021R00333

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-MJ-845 (HB)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br>v.<br><br>KI CHEUNG YAU,<br><br>               Defendant. | **FILED UNDER SEAL**<br><br>PETITION OF THE UNITED STATES FOR AN ORDER SEALING COMPLAINT, ARREST WARRANT, AFFIDAVIT, RETURN, PETITION, AND ORDER FOR SEALING |

      The United States of America, by its attorneys, Charles J. Kovats, Jr., Acting United States Attorney for the District of Minnesota, and Hillary A. Taylor, Assistant United States Attorney, respectfully submits this Petition to file the Complaint, Arrest Warrant, Affidavit, Return, and Petition under seal in the above-captioned matter, and states as follows:

      The Government seeks to seal the Complaint and affidavit because the defendant, Ki Cheung Yau, is not yet in federal custody. The Affidavit of Special Agent Matthew Vogel sets forth facts establishing probable cause to believe that Yau has committed cyberstalking in violation of 18 U.S.C. § 2261A(2). The Government believes that providing notice of the documents filed in connection with this matter prior to the defendant being arrested could result in the defendant fleeing the jurisdiction of law enforcement authorities, the destruction or tampering of evidence, and the endangering of officers as they attempt to effectuate the arrest. Also, public filing would compromise details about the nature, extent, and scope of the investigation. This may frustrate law enforcement's continuing investigative efforts. Further, in cases such as this, the crime of

cyberstalking in violation of 18 U.S.C. § 2261A(2) is considered a "crime of violence" under the Bail Reform Act, and there is a particular concern of risk to both the victim and law enforcement if the above-referenced documents are disclosed.

The Court's power to prevent disclosure of its files, especially for a limited period of time, is well established. This general power was recently reaffirmed by the United States Supreme Court.

> It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over some records and files and access has been denied where court files might have become a vehicle for improper purposes.

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). The Eighth Circuit has recognized the Court's specific power to restrict access to search warrant documents like those at issue here:

> We hold that the qualified first amendment right of public access extends to the documents filed in support of search warrants and that the documents may be sealed if the district court specifically finds that sealing is necessary to protect a compelling government interest and that less restrictive alternatives are impracticable.

*In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988).

The Eighth Circuit and district courts within the Circuit have recognized that the circumstances surrounding ongoing investigations constitute compelling government interests warranting the sealing of warrant documents. For example, the Eighth Circuit has approved sealing warrant documents that "describe[d] in detail the nature, scope and direction of the government's investigation and the individuals and specific projects

2

involved," resulting in "substantial probability that the government's on-going investigation would be severely compromised if the sealed documents were released." *Id.* at 574. Moreover, the Eighth Circuit has recognized that warrant affidavits permeated with references to individuals other than the subjects of the warrant and/or with information revealing the nature, scope and direction of the government's ongoing investigation may be sealed not only because they present compelling government interests justifying sealing, but also because less restrictive alternatives to sealing are in such circumstances impracticable. *Id.*

Based upon the foregoing and all the files and proceedings to date, the United States respectfully requests that this Court issue an Order Sealing the Complaint, Warrant, Affidavit of Special Agent Matthew Vogel, Return, this Petition, and the Sealing Order until the close of business on May 10, 2022, unless a compelling interest is shown by the United States for a continuation of the sealing.

Dated: November 10, 2021

Respectfully submitted,

CHARLES J. KOVATS, JR.
Acting United States Attorney

*s/ Hillary A. Taylor*

BY:  HILLARY A. TAYLOR
Special Assistant U.S. Attorney