FILED
2021 NOV 16 AM 11:51
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.

*Rule 5 docs*
*21-mj-845 (HB)*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | CASE NUMBER |
|---|---|
| PLAINTIFF(S) <br> v. <br> KI CHEUNG YAU <br> DEFENDANT(S). | 21MJ05244 <br><br> **DECLARATION RE OUT-OF-DISTRICT WARRANT** |

The above-named defendant was charged by: Criminal Complaint
in the _____ District of Minnesota on November 12, 2021
at 2:30 pm ☐ a.m. / ☒ p.m. The offense was allegedly committed on or about January 2020 through Present
in violation of Title 18 U.S.C., Section(s) 2261A(2)
to wit: Cyberstalking

A warrant for defendant's arrest was issued by: the District of Minnesota

Bond of $ N/A _____ was ☐ set / ☐ recommended.

Type of Bond: N/A - Detention

Relevant document(s) on hand (attach): Charging complaint, arrest warrant

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    11/16/21
                  Date

s/Matthew Vogel                         Matthew Vogel
Signature of Agent                      Print Name of Agent

FBI                                     Special Agent
Agency                                  Title

CR-52 (03/20)           DECLARATION RE OUT-OF-DISTRICT WARRANT

SCANNED
NOV 23 2021
U.S. DISTRICT COURT FF

Submit this form by e-mail to:

CrimIntakeCourtDocs-LA@cacd.uscourts.gov   For Los Angeles criminal duty.
CrimIntakeCourtDocs-SA@cacd.uscourts.gov   For Santa Ana criminal duty.
CrimIntakeCourtDocs-RS@cacd.uscourts.gov   For Riverside criminal duty.

FILED
2021 NOV 16 AM 11:51

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>KI CHEUNG YAU<br>USMS# _____ PLAINTIFF / DEFENDANT | CASE NUMBER: 21MJ05244<br><br>REPORT COMMENCING CRIMINAL ACTION |

TO: CLERK'S OFFICE, U.S. DISTRICT COURT

All areas must be completed. Any area not applicable or unknown should indicate "N/A".

1. The defendant was arrested in this district on November 16, 2021 at 8:05  ☒ AM ☐ PM
   or
   The defendant was arrested in the _____ District of _____ on _____ at _____ ☐ AM ☐ PM

2. The above named defendant is currently hospitalized and cannot be transported to court for arraignment or any other preliminary proceeding:   ☐ Yes   ☒ No

3. Defendant is in U.S. Marshals Service lock-up (in this court building):   ☒ Yes   ☐ No

4. Charges under which defendant has been booked:
   18 U.S.C. § 2261A(2)

5. Offense charged is a:   ☒ Felony   ☐ Minor Offense   ☐ Petty Offense   ☐ Other Misdemeanor

6. Interpreter Required:   ☒ No   ☐ Yes   Language: _____

7. Year of Birth: 1994

8. Defendant has retained counsel:   ☐ No
   ☐ Yes   Name: N/A                                 Phone Number: N/A

9. Name of Pretrial Services Officer notified: N/A

10. Remarks (if any): Will be contacting pretrial services before initial appearance

11. Name: Matthew Vogel                               (please print)

12. Office Phone Number: 612-751-7802                 13. Agency: FBI

14. Signature: s/Matthew Vogel                        15. Date: 11/16/2021

CR-64 (09/20)                REPORT COMMENCING CRIMINAL ACTION

Case 2:21-mj-05244-DUTY   Document 4   Filed 11/16/21   Page 1 of 5   Page ID #:36

```
 1 │ TRACY L. WILKISON
   │ Acting United States Attorney
 2 │ SCOTT M. GARRINGER
   │ Assistant United States Attorney
 3 │ Chief, Criminal Division
   │ KYLE W. KAHAN (Cal. Bar No. 298848)
 4 │ Special Assistant United States Attorney
   │ General Crimes Section
 5 │      1100 United States Courthouse
   │      312 North Spring Street
 6 │      Los Angeles, California 90012
   │      Telephone:    (213) 894-2238
 7 │      Facsimile:    (213) 894-0141
   │      E-mail:   kyle.kahan@usdoj.gov
 8 │
   │ Attorneys for Plaintiff
 9 │ UNITED STATES OF AMERICA
```

FILED
CLERK, U.S. DISTRICT COURT
NOV 16 2021
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-MJ-5244-DUTY |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | |
| KI CHEUNG YAU, | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐ 1.  Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

  ☐ a.  present offense committed while defendant was on release pending (felony trial),

  ☐ b.  defendant is an alien not lawfully admitted for permanent residence; <u>and</u>

| | | | |
|---|---|---|---|
| | ☐ | c. | defendant may flee; or |
| | ☐ | d. | pose a danger to another or the community. |
| ☒ | 2. | | Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure: |
| | ☒ | a. | the appearance of the defendant as required; |
| | ☒ | b. | safety of any other person and the community. |
| ☐ | 3. | | Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)): |
| | ☐ | a. | defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community; |
| | ☐ | b. | defendant cannot establish by clear and convincing evidence that he/she will not flee. |
| ☐ | 4. | | Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)): |
| | ☐ | a. | Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| | ☐ | b. | offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| | ☐ | c. | offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), |

|   |   |    |    |
|---|---|----|----|
|   | ☐ | d. | 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk); |
|   | ☐ | d. | defendant currently charged with an offense described in paragraph 5a - 5e below, AND defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), AND that previous offense was committed while defendant was on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community). |
| ☒ | 5. |    | Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves: |
|   | ☒ | a. | a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more; |
|   | ☐ | b. | an offense for which maximum sentence is life imprisonment or death; |
|   | ☐ | c. | Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more; |
|   | ☐ | d. | any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses; |

|   |   |    |   |
|---|---|----|---|
| 1 | ☐ | e. | any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250; |
| 6 | ☒ | f. | serious risk defendant will flee; |
| 7 | ☒ | g. | serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so). |
| 10 | ☐ | 6. | Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s): |

_____

_____

_____

_____

//
//
//
//
//
//
//
//
//
//
//
//

☐ 7. Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: November 16, 2021       Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

*/s/ Kyle W. Kahan*
KYLE W. KAHAN
Special Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

CASE 0:21-cr-00263-PAM-JFD   Doc. 9   Filed 11/23/21   Page 8 of 18
Case 2:21-mj-05244-DUTY   Document 5   Filed 11/16/21   Page 1 of 1   Page ID #:41
Page 1 of 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff, vs. Ki Cheung Yau Defendant. | Western Division<br>Case Number: 2:21-MJ-05244<br>Initial App. Date: 11/16/2021<br>Initial App. Time: 1:00 PM<br><br>Date Filed: 11/16/2021<br>Violation: 18:2261<br><br>CourtSmart Reporter: ECRO | Out of District Affidavit<br>Custody |

| PROCEEDINGS HELD BEFORE UNITED STATES MAGISTRATE JUDGE: Gail J. Standish | CALENDAR/PROCEEDINGS SHEET LOCAL/OUT-OF-DISTRICT CASE |

PRESENT:   Crawford, Holidae        Kyle Kahan            None
           _Deputy Clerk_        _Assistant U.S. Attorney_   _Interpreter/Language_

☐ INITIAL APPEARANCE NOT HELD - CONTINUED
☒ Court issues Order under Fed. R. Crim. P. 5(f) concerning prosecutor's disclosure obligations; see General Order 21-02 (written order).
☒ Defendant informed of charge and right to: remain silent; appointment of counsel, if indigent; right to bail; bail review and
    ☐ preliminary hearing OR ☒ removal hearing / Rule 20.
☐ Defendant states true name ☐ is as charged ☐ is _____
☐ Court ORDERS the caption of the Indictment/Information be changed to reflect defendant's different true name. Counsel are directed to file all future documents reflecting the true name as stated on the record.
☒ Defendant advised of consequences of false statement in financial affidavit. ☐ Financial Affidavit ordered **SEALED**.
☑ Attorney: Jimmy Threatt, DFPD ☒ Appointed ☐ Prev. Appointed ☐ Poss. Contribution (see separate order)
    ☐ Special appearance by: _____
☒ Government's request for detention is: ☒ GRANTED ☐ DENIED ☐ WITHDRAWN ☐ CONTINUED
☐ Contested detention hearing is held. ☒ Defendant is ordered: ☒ Permanently Detained ☐ Temporarily Detained (see separate order).
☐ BAIL FIXED AT $ _____ (SEE ATTACHED COPY OF CR-1 BOND FORM FOR CONDITIONS)
☐ Government moves to UNSEAL Complaint/Indictment/Information/Entire Case: ☐ GRANTED ☐ DENIED
☐ Preliminary Hearing waived. ☐ Class B Misdemeanor ☐ Defendant is advised of maximum penalties
☐ This case is assigned to Magistrate Judge _____. Counsel are directed to contact the clerk for the setting of all further proceedings.
☐ PO/PSA WARRANT ☐ Counsel are directed to contact the clerk for
    District Judge _____ for the setting of further proceedings.
☐ Preliminary Hearing set for _____ at 4:30 PM _____
☐ PIA set for: _____ at 11:00 AM in LA; at 10:00 AM in Riverside; at 10:00 AM in Santa Ana
☐ Government's motion to dismiss case/defendant _____ only: ☐ GRANTED ☐ DENIED
☐ Defendant's motion to dismiss for lack of probable cause: ☐ GRANTED ☐ DENIED
☒ Defendant executed Waiver of Rights. ☒ Process received.
☒ Court ORDERS defendant Held to Answer to _____ District of Minnesota
    ☐ Bond to transfer, if bail is posted. Defendant to report on or before Set once defendant arrives in Minnesota
    ☒ Warrant of removal and final commitment to issue. Date issued: 11/16/21 By CRD: HC
    ☐ Warrant of removal and final commitment are ordered stayed until _____
☐ Case continued to (Date) _____ (Time) _____ AM / PM
    Type of Hearing: _____ Before Judge _____ /Duty Magistrate Judge.
    Proceedings will be held in the ☐ Duty Courtroom _____ ☐ Judge's Courtroom _____
☒ Defendant committed to the custody of the U.S. Marshal ☐ Summons: Defendant ordered to report to USM for processing.
☐ Abstract of Court Proceeding (CR-53) issued. Copy forwarded to USM.
☐ Abstract of Order to Return Defendant to Court on Next Court Day (M-20) issued. Original forwarded to USM.
☐ RELEASE ORDER NO: _____
☐ Other: _____
    ☒ PSA ☐ USPO ☒ FINANCIAL      ☒ CR-10 ☒ CR-29      ☒ READY
                                                          Deputy Clerk Initials HC
                                                          20

FILED
CLERK, U.S. DISTRICT COURT

NOV 16 2021

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, PLAINTIFF | CASE NUMBER: |
|---|---|
| v. | 2:21-mj-05244 |
| Ki Yau | WAIVER OF RIGHTS (OUT OF DISTRICT CASES) |
| DEFENDANT. | |

I understand that charges are pending in the _____ District of ___Minnesota___ alleging violation of ___18 U.S.C. Section 2261A(2)___ and that I have been arrested in this district and
*(Title and Section / Probation / Supervised Release)*
taken before a United States Magistrate Judge, who has informed me of the charge(s) and my rights to:
(1) have an identity hearing to determine whether I am the person named in the charges;
(2) arrival of process;

*-Check one only-*

☐ **EXCLUDING PROBATION OR SUPERVISED RELEASE CASES:**
(3) have a preliminary hearing (unless an indictment has been returned or an information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held in this district or the district of prosecution; and
(4) request transfer of the proceedings to this district under Rule 20, Fed.R.Crim.P., in order to plead guilty.

☐ **PROBATION OR SUPERVISED RELEASE CASES:**
(3) have a preliminary hearing (if the violation charged allegedly occurred in this district, and I am held in custody solely on that charge) under Rule 32.1(b), Fed.R.Crim.P., to determine whether there is probable cause to believe I have violated the terms of my probation/supervised release.

**I HEREBY WAIVE (GIVE UP) MY RIGHT(S) TO:**

☐ have an identity hearing
☑ arrival of process
☐ have a preliminary hearing
☐ have an identity hearing, and I have been informed that I have no right to a preliminary hearing
☑ have an identity hearing, but I request that a preliminary hearing be held in the prosecuting district.

_Ki Yau by James Threatt_
Defendant

_James Threatt_
Defense Counsel

Date: _11/16/2021_

_[signature]_
United States Magistrate Judge

I have translated this Waiver to the defendant in the _____ language.

Date: _____
Interpreter(if required)

AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Central District of California

United States of America )
v. )
Ki Cheung Ya )   Case No. 21-MJ-5244
_____ )
Defendant )

FILED
CLERK, U.S. DISTRICT COURT
NOV 16 2021
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
      § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the
      Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act
      (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs
      (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses
      described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal
      jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
      **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
    § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise
    to Federal jurisdiction had existed; *and*
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was
    committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the
    defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16) Order of Detention Pending Trial

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

  ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

  ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

  ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

  ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

  ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

  ☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

  **OR**

  ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

  ☐ Weight of evidence against the defendant is strong
  ☐ Subject to lengthy period of incarceration if convicted
  ☐ Prior criminal history
  ☐ Participation in criminal activity while on probation, parole, or supervision
  ☐ History of violence or use of weapons
  ☐ History of alcohol or substance abuse
  ☐ Lack of stable employment
  ☐ Lack of stable residence
  ☐ Lack of financially responsible sureties

AO 472 (Rev. 11/16) Order of Detention Pending Trial

- [x] Lack of significant community or family ties to this district
- [x] Significant family or other ties outside the United States
- [x] Lack of legal status in the United States  *Visa soon expiring*
- [x] Subject to removal or deportation after serving any period of incarceration
- [ ] Prior failure to appear in court as ordered
- [ ] Prior attempt(s) to evade law enforcement
- [x] Use of alias(es) or false documents
- [ ] Background information unknown or unverified
- [ ] Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

*Defendant submitted to pretrial Detention.*

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 11/16/2021

_____
United States Magistrate Judge



FILED
CLERK, U.S. DISTRICT COURT
NOV 16 2021
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

**NAME & ADDRESS**
James S. Threatt (SBN 325317)
Office of the Federal Public Defender
321 E. 2nd Street
Los Angeles, CA 90012

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | CASE NUMBER |
|---|---|
| PLAINTIFF, | 2:21-mj-05244 |
| v. | |
| Ki Yau | CONSENT TO VIDEO/TELEPHONIC CONFERENCE AND/OR WAIVER OF DEFENDANT'S PRESENCE |
| USMS Reg. #: | ☐ AND PROPOSED FINDINGS/ORDER |
| DEFENDANT(S). | |

*Check each that applies:*
☒ CONSENT TO VIDEO CONFERENCE/TELEPHONIC CONFERENCE     ☐ WAIVER OF DEFENDANT'S PRESENCE

**1. Consent to Video Conference/Telephonic Conference**

I, Ki Yau _____, understand that the U.S. Constitution, the Federal Rules of Criminal Procedure, and/or one or more federal statutes may give me the right to have all the below-listed proceedings take place in person in open court. After consultation with counsel, I knowingly and voluntarily consent to the proceedings below instead taking place by video conference or, if video conference is not reasonably available, by telephonic conference:

*Check each that applies:*

☒ Detention/Bail Review/Reconsideration Hearing(s) (18 U.S.C. Sec. 3142)   ☒ Initial Appearance (Fed. R. Crim. P. 5)
☐ Preliminary Hearing (Fed. R. Crim. P. 5.1)   ☐ Arraignment (Fed. R. Crim. P. 10)
☐ Pretrial Release Revocation Proceedings (18 U.S.C. Sec. 3148)   ☐ Waiver of Indictment (Fed. R. Crim. P. 7(b))
☐ Misdemeanor Pleas and Sentencings (Fed. R. Crim. P. 43(b)(2))   ☐ Appearances under Fed. R. Crim. P. 40
☐ Probation and Supervised Release Revocation Proceedings (Fed. R. Crim. P. 32.1)

*Note: to consent to an appearance by video or telephonic conference at one of the two proceedings listed below, you must also complete the "Proposed Findings" section on page 2 of this form.*

☐ Felony Pleas (Fed. R. Crim. P. 11)     ☐ Felony Sentencings (Fed. R. Crim. P. 32)

**2. Waiver of Defendant's Presence**

I, _____, understand that the U.S. Constitution, the Federal Rules of Criminal Procedure, and/or one or more federal statutes may give me the right to be present at all of the below-listed proceedings - in person, by video conference, or by telephonic conference. After consultation with counsel, I knowingly and voluntarily waive my right to be present in person in open court or by video conference or by telephonic conference at the proceedings below:

*Check each that applies (and use Form CR-35 to waive the defendant's presence at other types of proceedings):*

☐ Detention/Bail Review/Reconsideration Hearing(s) (18 U.S.C. Sec. 3142)   ☐ Probation and Supervised Release Revocation Proceedings (Fed. R. Crim. P. 32.1)
☐ Preliminary Hearing (Fed. R. Crim. P. 5.1)
☐ Pretrial Release Revocation Proceedings (18 U.S.C. Sec. 3148)   ☐ Waiver of Indictment (Fed. R. Crim. P. 7(b))
☐ Misdemeanor Pleas and Sentencings (Fed. R. Crim. P. 43(b)(2))   ☐ Appearances under Fed. R. Crim. P. 40

11/16/2021                          Ki Yau by James Threatt
Date                                Defendant        ☒ Signed for Defendant by Counsel for Defendant with Defendant's Authorization [Check if applicable]

*In Custody?*   ☒ Yes  ☐ No     *For in-custody defendants, list institution where housed:* _____

CR-029 (08/20)     CONSENT TO VIDEO/TELEPHONIC CONFERENCE AND/OR WAIVER OF DEFENDANT'S PRESENCE     P. 1 OF 2

I have translated this consent/waiver to the Defendant in the _____ language.

_____    _____
Date                         Interpreter (if required)

☐ Signed for Interpreter by Counsel for Defendant with Interpreter's Authorization [Check if applicable]

I am counsel for the Defendant herein. Prior to the Defendant signing this document or authorizing me to sign this document on the Defendant's behalf, I fully advised the Defendant of the Defendant's above-referenced rights and consulted with the Defendant regarding such rights and the Defendant's consent/waiver(s). I believe that the Defendant understands such rights and that the Defendant's consent/waiver(s) are knowing and voluntary, and I concur with such consent/waiver(s).

11/16/2021                   _James C. Brett_
Date                         Counsel for Defendant

**3. Proposed Findings Regarding Harm of Further Delay of Felony Plea or Sentencing**

Pursuant to § 15002(b)(2) of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act and § 2 of Order of the Chief Judge No. 20-043 (In Re: Coronavirus Public Emergency Use of Video and Telephonic Conference in Certain Criminal Proceedings), felony pleas and sentencings cannot be conducted other than in person in open court unless the judge makes specific findings that the plea or sentencing "cannot be further delayed without serious harm to the interests of justice." Accordingly, if the defendant intends to consent to a felony plea or sentencing taking place by video conference or, if video conference is not reasonably available, by telephonic conference, instead of in person in open court, the defendant must set forth below proposed findings sufficient to make this showing.

[blank box]

**4. Order Adopting Findings Regarding Harm of Further Delay of Felony Plea or Sentencing**

Pursuant to § 15002(b)(2) of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act and § 2 of Order of the Chief Judge No. 20-043 (In Re: Coronavirus Public Emergency Use of Video and Telephonic Conference in Certain Criminal Proceedings), I hereby find that the:

☐ Felony Plea (Fed. R. Crim. P. 11)      ☐ Felony Sentencing (Fed. R. Crim. P. 32)

in this case cannot be further delayed without serious harm to the interests of justice, for the reasons set forth above.

_____    _____
Date                         United States District Judge

Name & Address:

FILED
CLERK, U.S. DISTRICT COURT

NOV 16 2021

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America | CASE NUMBER: |
|---|---|
| PLAINTIFF(S) v. | 2:21-MJ-05244-DUTY |
| Ki Cheung Yau | **FINAL COMMITMENT AND WARRANT OF REMOVAL** |
| DEFENDANT(S). | District of _Minnesota_ <br> At _Saint Paul_ <br> *(City)* |

**To: United States Marshal for the Central District of California**

The above-named defendant is hereby remanded to your custody and you are hereby ORDERED to remove him/her forthwith, along with a certified copy of this Commitment, to the custodian of a place of confinement within the District of Origin, approved by the Attorney General of the United States, where the defendant shall be received and safely kept until discharged in due course of law.

This defendant was arrested in this District after the filing of a(n):

- ☐ Indictment
- ☐ Information
- ☑ Complaint
- ☐ Order of court
- ☐ Pretrial Release Violation Petition
- ☐ Probation Violation Petition
- ☐ Supervised Release Violation Petition
- ☐ Violation Notice

charging him or her with (brief description of offense)

☑ in violation of Title _18_ United States Code, Section (s) _2261_

☐ in violation of the conditions of his or her pretrial release imposed by the court.

☐ in violation of the conditions of his or her supervision imposed by the court.

The defendant has now:

- ☑ duly waived arrival of process.
- ☑ duly waived identity hearing before me on _11.16.21 but request a preliminary hearing in the processing district_.
- ☐ duly waived preliminary hearing before me on _____.
- ☐ had a preliminary hearing before me on _____, and it appears that there is probable cause to believe that the offense so charged has been committed and that the defendant has committed it.
- ☐ had an identity hearing before me on _____, and it appears that the defendant is the person named as charged, and:
    - ☐ Bail has been set at $_____ but has not been posted.
    - ☑ No bail has been set.
    - ☑ Permanent detention has been ordered.
    - ☐ Temporary detention has been ordered.

_November 16, 2021_ _____ _/s/_ _____
Date                                          United States Magistrate Judge

## RETURN

Received this commitment and designated prisoner on _____, and on _____, committed him to _____ and left with the custodian at the same time a certified copy of the within temporary commitment.

United States Marshal, Central District of California

_____ _____
Date                    Deputy

M-15 (01/09)           FINAL COMMITMENT AND WARRANT OF REMOVAL

Query    Reports    Utilities    Help    What's New    Log Out

CLOSED

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
## CRIMINAL DOCKET FOR CASE #: 2:21-mj-05244-DUTY All Defendants

Case title: USA v. Yau                              Date Filed: 11/16/2021

Other court case number: 21-MJ-845 (HB) District of Minnesota    Date Terminated: 11/16/2021

Assigned to: Duty Magistrate Judge

**Defendant (1)**

Ki Cheung Yau                          represented by    **James S. Threatt**
*TERMINATED: 11/16/2021*                                 Federal Public Defenders Office
                                                         321 East 2nd Street
                                                         Los Angeles, CA 90012
                                                         213-894-2235
                                                         Fax: 213-894-0081
                                                         Email: jimmy_threatt@fd.org
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Designation: Public Defender or*
                                                         *Community Defender Appointment*

**Pending Counts**                                       **Disposition**
None

**Highest Offense Level (Opening)**
None

**Terminated Counts**                                    **Disposition**
None

**Highest Offense Level (Terminated)**
None

**Complaints**                                           **Disposition**
None

**Plaintiff**

| | | |
|---|---|---|
| USA | represented by | **US Attorney's Office**<br>AUSA - Office of US Attorney<br>Criminal Division - US Courthouse<br>312 North Spring Street 12th Floor<br>Los Angeles, CA 90012-4700<br>213-894-2434<br>Email: USACAC.Criminal@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant US Attorney* |

| Date Filed | # | Docket Text |
|---|---|---|
| 11/16/2021 | 1 | AFFIDAVIT RE: OUT-OF-DISTRICT WARRANT (Rule 5(c)(3)) filed as to defendant Ki Cheung Yau, originating in the District of Minnesota. Defendant charged in violation of: 18:2261A(2). Signed by agent Matthew Vogel, FBI, Special Agent. filed by Plaintiff USA. (cio) (Entered: 11/22/2021) |
| 11/16/2021 | 2 | REPORT COMMENCING CRIMINAL ACTION as to Defendant Ki Cheung Yau; defendants Year of Birth: 1994; date of arrest: 11/16/2021 (cio) (Entered: 11/22/2021) |
| 11/16/2021 | 3 | Defendant Ki Cheung Yau arrested on warrant issued by the USDC District of Minnesota at Saint Paul. (Attachments: # 1 Out-of-District Complaint)(cio) (Entered: 11/22/2021) |
| 11/16/2021 | 4 | NOTICE OF REQUEST FOR DETENTION filed by Plaintiff USA as to Defendant Ki Cheung Yau (cio) (Entered: 11/22/2021) |
| 11/16/2021 | 5 | MINUTES OF ARREST ON OUT OF DISTRICT WARRANT held before Magistrate Judge Gail J. Standish as to Defendant Ki Cheung Yau. Court issues Order under Fed. R. Crim. P. 5(f) concerning prosecutors disclosure obligations;see General Order 21-02 (written order). Defendant arraigned. Attorney: James S. Threatt for Ki Cheung Yau, Deputy Federal Public Defender, present. Court orders defendant Permanently detained. Defendant remanded to the custody or currently in the custody of the US Marshal. Court orders defendant held to answer to District of Minnesota. Warrant of Removal and final commitment to issue. Court Smart: CS 11/16/2021. (cio) (Entered: 11/22/2021) |
| 11/16/2021 | 6 | WAIVER OF RIGHTS approved by Magistrate Judge Karen L. Stevenson as to Defendant Ki Cheung Yau. (cio) (Entered: 11/22/2021) |
| 11/16/2021 | 7 | FINANCIAL AFFIDAVIT filed as to Defendant Ki Cheung Yau. (Not for Public View pursuant to the E-Government Act of 2002) (cio) (Entered: 11/22/2021) |
| 11/16/2021 | 8 | ORDER OF DETENTION by Magistrate Judge Gail J. Standish as to Defendant Ki Cheung Yau, (cio) (Entered: 11/22/2021) |
| 11/16/2021 | 9 | CONSENT to Video Conference/Telephonic Conference filed by Defendant Ki Cheung Yau. (cio) (Entered: 11/22/2021) |
| 11/16/2021 | 10 | WARRANT OF REMOVAL AND COMMITMENT by Magistrate Judge Gail J. Standish that Defendant Ki Cheung Yau be removed to the District of Minnesota (cio) (Entered: 11/22/2021) |

| 11/22/2021 | Notice to District of Minnesota of a Rule 5 or Rule 32 Initial Appearance as to Defendant Ki Cheung Yau. Your case number is: 21-MJ-845 (HB). The clerk will transmit any restricted documents via email. Using your PACER account, you may retrieve the docket sheet and any text-only entries via the case number link. The following document link(s) is also provided: 5 Initial Appearance - Arrest on Out of District Warrant - Rule 5(c)(3) (fka Rule 40),,. If you require certified copies of any documents, please send a request to email address CrimIntakeCourtDocs-LA@cacd.uscourts.gov (cio) (Entered: 11/22/2021) |