UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Ki Cheung Yau,<br><br>    Defendant. | Case. No. 21-cr-263 (WMW/JFD)<br><br>**ORDER ON DEFENDANT'S MOTION TO DETERMINE COMPETENCY OF THE DEFENDANT PURSUANT TO 18 U.S.C. § 4241(a)** |

This matter is before the Court on Defendant Ki Cheung Yau's Motion to Determine Competency of the Defendant Pursuant to 18 U.S.C. § 4241(a). (Dkt. No. 47.) The United States does not oppose the Motion. (Response at 1, Dkt. No. 49.) For the reasons below, Defendant's Motion is granted.

In the Motion, defense counsel states that Mr. Yau's psychological and medical records from the facility in which he is detained show three suicide attempts since October of 2021. (Def.'s Mot. at 1.) Although Mr. Yau has been prescribed mental health-related medications, including lithium and Zyprexa, Mr. Yau has refused to take them. (*Id.*) Mr. Yau "has periodically reported auditory and visual hallucinations." (*Id.*) Additionally, Mr. Yau claims that he "has no recollection of the facts that give rise to the charges against him." (*Id.*)

18 U.S.C. § 4241(a) provides that:

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect

rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

On the present record the Court is unable to determine whether there is reasonable cause to believe that Mr. Yau may presently be incompetent within the meaning of 18 U.S.C. § 4241(a), and so cannot convene a hearing at this time. The Court will therefore proceed under 18 U.S.C. § 4241(b) and order that a psychiatric or psychological examination of Mr. Yau be conducted, and that a psychiatric or psychological report be prepared and filed under seal with the Court, pursuant to 18 U.S.C. §§ 4241(a) and (b) and 4247(b) and (c). Upon receipt and review of the report, the Court will decide whether to schedule a hearing pursuant to 18 U.S.C. §§ 4241(c) and 4247(d).

Pursuant to 18 U.S.C. § 3161(h)(1)(A), the delay resulting from the proceedings (including the examination) to determine Mr. Yau's competency is excluded from the Speedy Trial Act calculations in this case. The excludable time begins today and ends with the entry of an Order of this Court on Mr. Yau's competency. The Court defers ruling on the pending motions in this case (Dkt. Nos. 27 and 37–46) until the proceedings to determine competency are concluded. The motions hearing scheduled for March 22, 2022, is canceled, and will be rescheduled after these competency proceedings, if Mr. Yau is found competent.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Ki Cheung Yau's Motion to Determine Competency of the Defendant Pursuant to 18 U.S.C. § 4241(a) (Dkt. No. 47) is **GRANTED** as follows:

1. Mr. Yau shall undergo a psychiatric or psychological examination pursuant to

    18 U.S.C. §§ 4241(b) and 4247(b);

2. The Attorney General must conduct the examination in a suitable facility as close as is practicable to the Court;

3. Counsel for the Government shall provide both Mr. Yau's Motion and this Order to the examiner as soon as that individual can be identified;

4. The Attorney General must file the psychiatric or psychological report, pursuant to 18 U.S.C. § 4247(c), **within thirty days of the date of this Order**;

5. The period between the date of Mr. Yau's filing on February 15, 2022, and the determination of Mr. Yau's mental competence shall be excluded from Speedy Trial Act computations pursuant to 18 U.S.C. § 3161(h)(1)(A);

6. The Court's ruling on pretrial motions is deferred; and

7. The pretrial motions hearing and all other pretrial deadlines are suspended for Mr. Yau until further order of the Court.

Dated: February 15, 2022

                                        *s/ John F. Docherty*
                                        JOHN F. DOCHERTY
                                        United States Magistrate Judge